## Mary A. Fritz, Administratrix, Appellee, v. Wabash Railroad Company, Appellant.

1. DEATH—*where an instruction disregards necessity of due care on part of intestate.* In an action for the death of plaintiff's intestate, employed by defendant as a section hand, an instruction which directs a verdict for the plaintiff for a sum not exceeding ten thousand dollars if the jury believe from the evidence that the defendant's servants in charge of the engine neglected to ring the bell or sound the whistle, and tells them that a failure to do so was such negligence as to render defendant liable for the killing of deceased, without regard as to whether or not deceased was in the exercise of due care for his own safety, is erroneous.

2. DEATH—*burden of proof.* In an action for the death of plaintiff's intestate, a section hand who was struck by an engine while trying to get away from a push car, the burden of proof is on plaintiff to show that deceased was not guilty of contributory negligence in pushing a push car at a place where it was apt to come in contact with approaching coal cars.

Appeal from the Circuit Court of Piatt county; the HON. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term,

1912.  Reversed and remanded.  Opinion filed March 18, 1913.  Re-hearing denied April 16, 1913.

HUGH CREA and HUGH W. HOUSUM, for appellant.

W. G. CLOYD and M. R. DAVIDSON, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff's intestate was killed while in the employ of the defendant as a section hand engaged in the work of repairing the track at Bement, Illinois.  This action is brought for his wrongful death, and a judgment for $3,500 was recovered, from which defendant appeals.

The declaration in this case charges that the death was caused by reason of the negligence of the defendant in failing to furnish and provide the deceased with a reasonably safe place to work and with reasonably safe appliances with which to perform his work; also by reason of the negligence of servants of the defendant not fellow-servants of the deceased; also, the failure of defendant, by the said servants, to give reasonable and due notice of the approach of defendant's trains, engines or cars to the place where the deceased was killed.

Defendant has three lines of railroad at Bement; one line, extending from Bement to Altamont, running north and south, which approaches the depot of defendant at Bement upon the east side, and connects with what is known as the Chicago main line; another is a main line extending east and west from Toledo, Ohio, to points west of Bement, this line passes the depot upon the south side, crosses the Altamont branch near the southeast corner of the depot; the third and Chicago main line, extending from Bement to Chicago, connects with the Toledo main line at a point several hundred feet west of the depot and from Bement west used that line, from the point of its connection with

the Toledo line it passes the depot in a northeasterly direction and runs thence north to Chicago.

At the time of the injury to plaintiff's intestate he was engaged, with other employees, under the direction of the section foreman, in placing a rail in the line known as the main Chicago line, which extended northeasterly past the depot. The place where a rail was out was about one hundred feet west of the depot at Bement.

Immediately to the north or northwest of the main Chicago line as it passed the depot was another track known as the passing track; this track was connected with the Chicago main a short distance west of the point where this rail was about to be laid by the section men.

Just before the injury to plaintiff's intestate, a freight train approached from the west going upon the Chicago main line for the purpose of proceeding to Chicago. The conductor of this train had orders to take two coal cars which were located near the elevator on a siding of the Chicago main line, north and east of the depot, on arriving at the point where the rail was out, the section boss notified the crew in charge of the Chicago train that it would have to take the passing track to get past the depot to get to the coal cars. They did so, coupled on to the cars, and were returning to the train which had been left on the Chicago main line west of the depot. While this crew was at the northeast of the depot securing the coal cars, the section foreman had loaded upon a push car the rail to be placed on this track and was taking it on the push car to the point where it was to be laid. As they approached the point, the engine with the two coal cars was returning, the section men for some reason failed and neglected to note the approach of this engine with the two coal cars, and as they proceeded with the push car near the frog which formed part of the switch connecting the passing and the main track, they came

in such close proximity to the coal cars and engine as to endanger a collision.

A brakeman upon the coal car hallooed for them to look out. They immediately left the push car and scattered, the push car came in contact with the coal cars, the rail was pushed off and the push car upset. In plaintiff's intestate's attempt to get away from the push car he backed from the Chicago main, which at this point was only a few feet from the main Toledo line, and was hit by a fast mail train going west upon the Toledo main line, and was killed.

Owing to the fact that it is necessary to reverse this judgment upon erroneous instructions given by the trial court, we will not determine what facts have or have not been proven, or discuss the evidence or the sufficiency of this evidence to sustain the verdict.

The first instruction given upon behalf of the plaintiff directs a verdict for the plaintiff for a sum not exceeding $10,000, if the jury believe from the evidence that the servants in charge of the engine of the train going west upon the Toledo main line failed or neglected to ring a bell or sound a whistle, and tells them that a failure to do so was such negligence as to render defendant liable for the killing of the deceased, without regard as to whether or not just before and at the time of the killing, the deceased was in the exercise of due care and caution for his own safety, and without regard to the question as to whether he did see or might, by the use of reasonable care and caution, have seen the approach of this train in time to avoid injury; the only questions that the jury were required to find by this instruction in order to find for the plaintiff was that plaintiff's intestate was rightfully upon the track where he was hit, and the failure of defendant's servants to ring a bell or sound a whistle. Deceased was not killed at a place where the law required defendant to ring a bell or sound a whistle; and defendant is not required to ring a bell or sound a

whistle while proceeding along its track for the purpose of informing employees, who are engaged in the repair of its tracks, of the approach of a train; and before they could be held liable it was necessary for the jury to also find that at that time it was negligence to approach this place without sounding a whistle or ringing a bell; it was also necessary for them to find that plaintiff's intestate was in the exercise of due care and caution for his own safety.

The burden was also upon plaintiff to show that the deceased was not guilty of contributory negligence in pushing or assisting in pushing the push car along the main Chicago line to a point where it was liable to come in contact with the coal cars which were approaching on that track. These section men testify that they did not see this engine either pass in going to get the coal cars or in returning with them; they were working within eight or ten feet of the point where this engine passed and where it was required to pass on its return, and there was nothing to obstruct their view or keep them from seeing its approach for several hundred feet, and they were bound to use their ordinary senses of hearing and seeing in ascertaining the approach of these cars, and they cannot be permitted to say that they did not see it, if their failure to see was by reason of failure to use their ordinary senses, and it was incumbent upon the plaintiff to prove that in using this push car that the deceased was in the exercise of ordinary care for his own safety at that time, for the reason that the incident with the push car was the proximate cause of the intestate going to the point where he did upon the Toledo main track, and if he was negligent in producing the conditions that brought about this accident plaintiff cannot recover.

The second instruction is of the same character as the first, and subject to the same criticism.

The third instruction omits entirely the question of due care on the part of plaintiff's intestate, either at

the time of the collision with the push car or at the time that he stepped upon the main Toledo track.

For the reasons indicated, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*